# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. DAUBERT, | 1:10-cv-00016 GSA |
| Plaintiff, | **STIPULATION AND ORDER FOR OF DISMISSAL OF CERTAIN CLAIMS** |
| vs. | |
| CITY OF LINDSAY, | |
| Defendant. | |

    1. Whereas, on August 10, 2010, the parties met for a settlement conference before Hon. Sandra M. Snyder, United States Magistrate Judge; and

    2. Whereas, at that proceeding, the parties agreed to the following on the record:

        a. Plaintiff, Timothy S. Daubert, dismisses the following portions of the complaint with prejudice as follows:

            i. Paragraph 4 of the Complaint, referred to as Claim 1, which states, "Plaintiff had difficulty pushing Plaintiffs wheelchair up the main entrance ramp at

1

1  McDermont Field House Plaintiff had to rest 2 times going up the ramp.  The ramp is 39
2  feet long and has a rise of 38 inches this is in violation of Federal Regulation 4.8.2 which
3  states ramps cannot be over 30 feet long or have a rise greater than 30 inches."
4              ii. Paragraph 5 of the Complaint, referred to as Claim 2, which states,
5  "The men's bathroom near the Flow Rider inside Mcdermont Field House was blocked by a
6  trashcan that was there keeping the door open.  Plaintiff could not get into the door.
7  Plaintiff was forced to go near the front entrance to go to the bathroom.  This was very
8  uncomfortable for Plaintiff."
9              iii. Paragraph 6 of the Complaint, referred to as Claim 3, which states,
10 "Plaintiff went to the Rock Wall at McDermont Field House.  Plaintiff's wheelchair got stuck
11 in the rocks which were all over the floor.  Plaintiff was unable to go to the wall.  This is in
12 violation of Section 1232 of Federal Regulations."
13             iv. Paragraph 7 of the Complaint, referred to as Claim 4, which states,
14 "Plaintiff went to the gym inside McDermont Field house.  There were no handicap
15 exercise benches or spaces for handicap to lift weights.  Plaintiff could not use any of the
16 equipment.  This is in violation of Section 1232 of Federal Regulations."
17             v. The portion of Paragraph 8 of the Complaint, referred to as Claims 6
18 and 7, which states, "The slot car track did not have access for the Plaintiff to watch the
19 races" and "There were stairs and there were chairs for walking people."
20             vi. Paragraph 9 of the Complaint, referred to as Claim 8, which states,
21 "The Viewing area on the second floor inside Mcdermont Field House.  The table was 34
22 inches high.  But the viewing area was block by a fence.  And there was no companion
23 seating next to it."
24             vii. Paragraph 11 of the Complaint, referred to as Claim 10, which
25 states, "Plaintiff tried to go to the W I games inside McDermont Field House but it was
26 upstairs and there was no access for Plaintiff.  This is in violation of Federal Regulations
27 Section 1232."
28

1          viii. Paragraph 12 of the Complaint, referred to as Claim 11, which
2 states, "The ramp to the Flow Rider inside McDermont Field House is 42 feet and a rise of
3 39 inches it is not accessible to the Plaintiff.  This is in violation of Federal Regulations.
4 4.1.6 (3) (a)- (ii) and Section 1232."
5          ix. Paragraph 16 of the Complaint, referred to as Claim 15, which
6 states, "There is no Signage inside McDermont Field House.  This is in violation of Federal
7 Regulations 4.30.4."
8          x. Paragraph 19 of the Complaint, referred to as Claim 19, which
9 states, "As Plaintiff was leaving McDennont Field House.  The main entrance door was
10 open and it made the landing on the outside ramp to be 54 inches wide.  This is in violation
11 of Federal Regulations 4.8.4."
12          xi. Paragraph 20 of the Complaint, referred to as Claim 20, which
13 states, "The White Vans that bring children to McDermont Field House from points around
14 the City of Lindsay and park in the bus loading - unloading zone are not handicap
15 accessible."
16          xii. Paragraph 21 of the Complaint, referred to as Claim 21, which
17 states, "Plaintiff ask the clerk who sold Plaintiff his card told Plaintiff that access to the
18 ramp going down to the Laser Tag inside McDermont Field House was near the basketball
19 court Plaintiff went to the ramp it was 39 feet long with a rise of 65 inches Plaintiff did not
20 try to go down this steep ramp because Plaintiff would have turned over his wheelchair.
21 This is in violation of Federal Regulations 4.1.6 (a) - (ii) and section 1232 of the Americans
22 With Disability Act."
23          xiii. Paragraph 23 of the Complaint, referred to as Claim 23, which
24 states, "There is no Handicap parking.  In the Defendants parking lot across the street on
25 the east side of McDermont Field House.  This is in violation of Federal Regulations
26 4.1.2(5)."
27      b. Each party to bear own costs and attorneys fees.
28

IT IS SO STIPULATED.

Dated:  August 21, 2010             By:  /s/Timothy S. Daubert

                                                      Timothy S. Daubert, in pro per

Dated:  August 20, 2010             By:  /s/Michael J. Maurer
                                                      Michael J. Maurer
                                                      Attorney for City of Lindsay

(Original signatures maintained by attorney Michael J. Maurer)

**ORDER**

Upon a reivew of this pleading, the Court adopts the stipulation.  Pursuant to the parties' agreement, the claims outlined above are dismissed from this action with prejudice.

IT IS SO ORDERED.

**Dated:  September 26, 2010**             /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE